UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHRYN RANDOLPH                                        CIVIL ACTION NO.

VERSUS                                                             15-654-SDD-EWD

EAST BATON ROUGE PARISH
SCHOOL BOARD, ET AL.

### RULING

This matter is before the Court on the *Motion to Dismiss and Motion to Stay*[1] filed by the Defendants, East Baton Rouge Parish School System, David Tatman, Dr. Bernard Taylor, Jr., Warren Drake, Domoine Rutledge, Millie Williams, Sharmayne Rutledge, and Stacie Williams ("the Defendants"). Plaintiff, Kathryn Randolph ("Plaintiff"), has filed an *Opposition*[2] to this motion. The Court has already granted this motion in part by staying the briefing deadlines for other motions in this matter until this motion has been resolved.[3] For the reasons which follow, the remainder of the Defendants' motion will be denied.

### I.   BACKGROUND

Plaintiff filed this lawsuit against the East Baton Rouge Parish School Board and other Defendants asserting civil rights employment claims arising under both state and federal law. The record in this case reflects that Plaintiff, who was acting *pro se* at the

---

[1] Rec. Doc. No. 17.
[2] Rec. Doc. No. 20.
[3] Rec. Doc. No. 21, wherein the Court granted the Defendants' *Motion for Extension of Time to Respond to Plaintiff's Motion for Preliminary Injunction and Request for Expedited Review*, Rec. Doc. No. 19.
31042

time of attempted service of process, executed five summonses which were returned to the Clerk of Court by Plaintiff's eventual counsel.[4]  The summonses were signed by Plaintiff's husband who indicated that he "left" a copy of the summonses with the respective secretary for five Defendants:  the EBRP School System (Lynn West), Millie Williams (Susan Thomas), Warren Drake (Jamie Manda), Domoine Rutledge (Suzanne Roberts), and David Tatman (Lynn West).[5]  Nothing in the record indicates that service was made on the remaining Defendants, Sharmayne Rutledge, Dr. Taylor, or Stacie Williams.

## II.     INSUFFICIENT SERVICE OF PROCESS

The Government moves to dismiss this action under Rules 12(b)(5) and 4(m) for insufficient service of process.  "In the absence of valid service of process, proceedings against a party are void.[6]  When service of process is challenged, the party making service has the burden to establish its validity."[7]

The Defendants contend that Plaintiff's *Complaint*[8] should be dismissed for insufficiency of service of process, pursuant to Fed.R.Civ.P. 12(b)(5), as she failed to serve the EBRPSB's President or Vice President, as required under Louisiana law. Louisiana Revised Statute 17:51 requires that all lawsuits against school boards "shall be

---

[4] Rec. Doc. No. 9.
[5] Rec. Doc. Nos. 9-1, 9-2, 9-3, 9-4, & 9-5.
[6] *Blankenship v. U.S.*, 2004 WL 4986557, at *3 (S.D. Tex. Oct. 15, 2004)(citing *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981).
[7] *Id.*, citing *Aetna*, 635 F.2d at 435.
[8] Rec. Doc. 1.
31042

served on the President of the board and in his absence on the vice-president."[9] In addition, Fed.R.Civ.P. ("Rule") 4(m) requires that the plaintiff serve the proper defendant within 120 days of filing the complaint with the court.

Defendants also argue for dismissal because they allege Plaintiff failed to properly serve the individual Defendants in this case in accordance with Federal Rule 4(e), which authorizes a plaintiff to serve a defendant through personal, domiciliary, or "representative" service. Rule 4(e) also allows service of process in accordance with state law pursuant to La. C.C. P. arts. 1231-37.

Plaintiff opposes the Defendants' motion arguing that La. R.S. 17:51 is not the statute that specifies the process and procedure for service of process. Rather, Plaintiff contends that the procedure for service of process is found in Louisiana Code of Civil Procedure Article 1265.[10] Plaintiff further contends that Lynn West, an Executive Assistant in the School Board's central office, was "clothed with the apparent authority to accept legal documents on behalf of the president as the agent for the School System and other public officers of the school system as set forth in L.C.C.P. Art. 1265."[11]

Plaintiff's arguments are utterly without merit and contrary to settled state and federal law. In *Jackson v. St. John the Baptist Parish School Board*,[12] the Fifth Circuit Court of Appeal of Louisiana rejected precisely the same argument presented by the

---

[9] *See* La.Rev.Stat. 17:51; *see also Lazard v. E. Baton Rouge Parish Sch. Bd.*, No. 3:12–00552, 2013 WL 3772286, at *2 (M.D.La. July 16, 2013).
[10] Rec. Doc. No. 20, p. 3.
[11] *Id.* at p. 4.
[12] 13-103 (La. App. 5 Cir. 6/27/13), 121 So.3d 164.
31042

Plaintiff in the case before the Court.  The plaintiff in *Johnson* argued that service upon the School Board could be made pursuant to Article 1265 of the Louisiana Code of Civil Procedure rather than La. R.S. 17:51.  The court held that "the more specific application of La. R.S. 17:51 to school boards controls."[13]  Federal courts in Louisiana have held likewise.[14]

The Court also finds that the individual Defendants in this case were not properly served in accordance with Rule 4(e) and La. C.C.P. article 1232.  Service upon a defendant's secretary at the defendant's place of business in not proper service.  In this case, the individual Defendants were not personally served with a copy of the summons and complaint, and copies of such documents were not left at the Defendants' homes or places of abode as required by Rule 4(e)(2)(A) & (B).  Domiciliary service cannot be made at one's place of work.[15]

Despite these deficiencies, the Court is mindful that Plaintiff was proceeding *pro se* at the time of the attempted service of process.  Courts do expect plaintiffs who elect to represent themselves to have the same level of knowledge of the law as attorneys

---

[13] *Id.* at 169.
[14] *See Wallace v. St. Charles Parish School Board*, No. 04-1376, 2005 WL 1155770 (E.D. La. May 5, 2005)(requiring service of process upon a School Board in accordance with La. R.S. 17:51); *Lazard v. E. Baton Rouge Parish Sch. Bd.*, No. 3:12–00552, 2013 WL 3772286, at *2 (M.D.La. July 16, 2013)(Court held service upon the School Board Superintendent was improper as it did not comply with La. R.S. 17:51); *Petty v. Orleans Parish School Board*, No. 13-6021, 2013 WL 545860 (E.D. La. Feb. 11, 2014)(Court held service upon the School Board Superintendent was improper as it did not comply with La. R.S. 17:51).
[15] *See Muhammad v. State of Louisiana*, No. 99-3742 & No. 99-2694, 2000 WL 1511181, n. 10 (E.D. La. Oct. 6, 2000); *Smith v. Western Offshore, Inc.*, 590 F.Supp. 670, 674 (E.D. La. 1984)("Service upon an individual through a nonauthorized agent for service of process at the individual's place of business is not a proper means of serving process under the Federal Rules of Civil Procedure".).
31042

admitted to practice.[16]  However, "the District Court has wide discretion in determining whether to dismiss an action for insufficient service, and courts often give *pro se* litigants leeway in correcting defects in service of process."[17]  With this in mind, the Court will allow Plaintiff twenty-one (21) days from the date of this *Order* to properly serve the Defendants. Plaintiff is cautioned that failure to properly serve the Defendants within this time period will result in a dismissal with prejudice.

### III.    CONCLUSION

For the reasons set forth above, the Defendants' *Motion to Dismiss and Motion to Stay*[18] is GRANTED to the extent that the Court will stay all briefing deadlines until service of process has been effected.  In all other respects, the motion is DENIED.  Plaintiff shall have twenty-one (21) days from the date of this *Order* to properly serve the Defendants.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on March 3, 2016.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[16] *Lazard*, 2013 WL 3772286, at *2; citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981).
[17] *Id.,* at *2; citing *Lisson v. ING Groep N.V.*, 262 F. Appx. 567, 571 (5th Cir. 2007).
[18] Rec. Doc. No. 17.
31042