UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHRYN RANDOLPH                                    CIVIL ACTION

VERSUS                                              15-654-SDD-EWD

EAST BATON ROUGE PARISH
SCHOOL BOARD, ET AL.

### RULING

This matter is before the Court on the *Motion for Preliminary Injunction*[1] filed by Plaintiff, Kathryn Randolph ("Plaintiff"). Defendants, East Baton Rouge Parish School System, David Tatman, Warren Drake, Domoine Rutledge, Millie Williams, and Sharmayne Rutledge, ("the Defendants") have filed an *Opposition*[2] to this motion, to which Plaintiff filed a *Reply*.[3] For the reasons which follow, the motion shall be denied.

**I.    BACKGROUND**[4]

Plaintiff filed this lawsuit against the East Baton Rouge Parish School Board and other Defendants asserting civil rights employment claims arising under both state and federal law. Specifically, Plaintiff claims the Defendants have deprived her of the right to her job as an administrator in violation of federal and state law and have committed state

---

[1] Rec. Doc. No. 7.
[2] Rec. Doc. No. 36.
[3] Rec. Doc. No. 37.
[4] The facts were taken from Plaintiff's *Complaint* (Rec. Doc. No. 1), Plaintiff's *Memorandum in Support of Motion for Preliminary Injunction* (Rec. Doc. No. 7), and Defendant's *Opposition* (Rec. Doc. No. 36).
32944

torts against her. Plaintiff contends that she returned to the East Baton Rouge Parish School System in 2007 as a high school teacher and guidance counselor. Plaintiff claims that, in 2008, she was promoted to assistant principal at Belaire High School. In 2009, Plaintiff alleges she was transferred to Twin Oaks Elementary to serve as assistant principal and, in 2013, she was promoted to principal of Twin Oaks Elementary. Plaintiff alleges that she became tenured in her position as high school teacher and guidance counselor in 2011.

In August of 2014, Plaintiff was placed on two days of administrative leave by the School System pending completion of an investigation of complaints that had been filed against her by a parent. Plaintiff claims she advised the School System that it was not complying with the Policy Manual with regard to handling employee investigations. After thirty days passed from the completion of the investigation, Plaintiff sought to be restored to her position but claims that she was met with threats and intimidation. Plaintiff then filed a Grievance against the parties that placed her on administrative leave. Plaintiff contends this Grievance resulted in the immediate termination of her contract and that she received an "angry" letter from then-Superintendent Bernard Taylor admonishing Plaintiff for failing to comply with the System's policy regarding employees on administrative leave. Plaintiff was notified by correspondence on October 9, 2014 that disciplinary proceedings were initiated seeking to terminate her employment with the School System. Plaintiff claims that this letter notified her of the right to respond to the charges but failed to give notice that she had the right to request a hearing. Ultimately,

32944

Plaintiff claims she was told by Defendants that she was not entitled to a hearing and also claims that Defendant Rutledge "verbally assault[ed]"[5] her when she attempted to pick up a paycheck. Plaintiff alleges she has never been provided with any results of the investigations or the outcome of the disciplinary hearing. Plaintiff further contends Defendants have attempted to place her as an elementary classroom teacher, which she has continuously refused. Plaintiff argues that she should have been returned to her last tenured position as a high school teacher and guidance counselor. Plaintiff claims that she is in "employment limbo" because she is still technically employed by the School System but has not been paid since June of 2015.

Plaintiff filed this lawsuit and moved for a preliminary injunction. Plaintiff seeks an order enjoining the Defendants from: "the continuously bullying, humiliating, harassing, and intimidating her to, include the withholding Plaintiff's pay, pending the completion of any disciplinary proceeding;"[6] "continuing the disciplinary proceeding which it began against her more than a year ago;"[7] and "the hiring of administrators who are entitled to promotional contracts pursuant to LSA R.S. 17:444 as interim and depriving them of their rights to due process."[8]

Defendants contend Plaintiff was appointed as the interim principal of a school, and an interim status employee is not entitled to the protections she claims. Defendants

---

[5] Rec. Doc. No. 7-1, p. 5.
[6] *Id.* at pp. 18-19.
[7] *Id.* at p. 19.
[8] *Id.*
32944

deny all of the claims brought against them. Defendants concede that, on October 9, 2014, Dr. Taylor brought charges to terminate Plaintiff after she allegedly abandoned her job. However, Defendants aver that Plaintiff was granted sick leave and did not to return to work for an extended period of time. Following Plaintiff's medical release to return to work, the Defendants contend that the disciplinary charges were no longer pursued, and she was contacted to return to work in a teaching position. Defendants claim that Plaintiff repeatedly ignored these requests.

Defendants argue that Plaintiff is not entitled to a preliminary injunction for a variety of reasons. First, Defendants contend that Plaintiff's disciplinary procedure was discontinued months before she filed this lawsuit, and, because disciplinary proceedings are no longer being pursued, relief relating to the disciplinary hearing is moot. Defendants claim that Plaintiff's motion is also mooted by the fact that she resigned due to retirement.

Second, Defendants challenge the injunction because Plaintiff seeks an order that the Defendants "obey the law," which is improper under Fifth Circuit jurisprudence.[9] Additionally, Defendants contend that an order enjoining "harassing, intimidating and humiliating" behavior is too vague to satisfy Rule 65's requirement that the injunction be in specific terms and "describe in reasonable detail … the act or acts sought to be restrained."

Defendants also argue that Plaintiff fails to meet the heavy burden that she is

---

[9] Defendants cite *Meyer v. Brown & Root Const. Co.*, 661 F.2d 369, 373 (5th Cir. 1981). Rec. Doc. No. 36, p. 4.
32944

substantially likely to succeed on the merits of this case considering that the School System cannot be held vicariously liable for the alleged negligent or tortious acts of third parties, and because she fails to even allege that any decision regarding her employment occurred as a result of an official policy or custom which is required in a Section 1983 action. Defendants also argue that Plaintiff cannot show irreparable injury because money damages are available should she prevail on her claims.

## II.   PRELMINARY INJUNCTION

Plaintiff has moved for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Under well settled Fifth Circuit jurisprudence, a plaintiff's entitlement to a preliminary injunction depends upon a clear showing that: (1) there is a substantial likelihood she will prevail on the merits of her claim; (2) there is a substantial danger she will suffer irreparable injury if the injunction does not issue; (3) the threatened injury to plaintiff outweighs any harm the injunction may cause the defendants; and (4) that granting the injunction will not harm the public interest.[10] Thus, the "extraordinary and drastic remedy" of a preliminary injunction will not be granted if the plaintiff fails to carry this heavy burden of proof on any of these four prerequisites.[11]

Because the facts of this case are so sharply disputed, the Court is not prepared to make a finding of mootness. While Defendants claim Plaintiff resigned due to

---

[10] *Howard v. Town of Jonesville*, 935 F.Supp.855, 858-59 (W.D. La. 1996), citing *Hull v. Quitman County Bd. of Educ.*, 1 F.3d 1450, 1453 (5th Cir.1993); *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir.1990).
[11] *Id.*, citing *Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir.1985) (quoting *Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir.1974)).
32944

retirement, Plaintiff maintains that she was forced to resign and is owed pay that she has not received. The Court is not inclined to make such a finding on the current record. However, the Court agrees that much of what Plaintiff requests be enjoined is improper as a matter of law. The request to enjoin Defendants from bullying, harassing, intimidating, or depriving administrators of due process is essentially an "obey the law" injunction. Such broad injunctive relief is improper and will not be ordered. These words are too general and vague, and the Fifth Circuit has held that such "obey the law" injunctions cannot be sustained.[12]

Additionally, the Court finds that Plaintiff's inability to demonstrate the threat of irreparable injury if a preliminary injunction does not issue prevents her from satisfying the factors required for a preliminary injunction. Irreparable injury, it is well established, exists only when no adequate legal (that is non-equitable) remedy is available.[13] As such, a preliminary injunction will usually be denied if it appears that the applicant has an adequate legal remedy in the form of money damages or other relief.[14] Indeed, "there can be no irreparable injury where money damages would adequately compensate a

---

[12] *See Abner v. Kansas City Southern Ry. Co.*, No. 03-0765, 2007 WL 1169373 at *1, n. 2, (W.D. La. Apr. 17, 2007)(citing *Payne v.. Travenol Lab., Inc.*, 565 F.2d 895, 897-98 (5th Cir.1978)); *Versata Software, Inc. v. Internet Brands, Inc.*, No. 08-cv-313, 2012 WL 3075712, at * 3 (E.D. La. July 8, 2012)(citing *Meyer v. Brown & Root Const. Co.*, 661 F.2d 369, 373 (5th Cir.1981)).
[13] *Id.* at 859, citing 11A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2944 at 88 (1995).
[14] *Id.*, citing 11A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § § 2948.1 at 149–51 (1995); *see also Sampson v. Murray*, 415 U.S. 61, 91–92 (1974) (mere loss of income or damaged reputation insufficient to establish irreparable injury in case involving loss of government employment); *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir.1975) (same).
32944

plaintiff."[15]

In the instant case, should Plaintiff prove that she has been the victim of unlawful employment practices and/or torts, and establish a constitutional violation by which she suffered injuries caused by that deprivation, several remedies will be available to her under the law, including monetary damages.[16]  Finally, Plaintiff's generally conclusory allegations of irreparable harm are simply not of a magnitude to justify a preliminary injunction.[17]  Accordingly, because Plaintiff's alleged injuries, if proven, will be adequately remedied by this Court, Plaintiff's motion for preliminary injunctive relief at this stage of the proceedings must be denied.

## III.     CONCLUSION

For the reasons set forth above, the Plaintiff's *Motion for Preliminary Injunction*[18] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 28, 2016.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[15] *Johnson Controls, Inc. v. Guidry*, 724 F.Supp.2d 612, 619 (W.D. La. 2010)(citing *DFW Metro Line Services v. Southwestern Bell*, 901 F.2d 1267, 1269 (5th Cir. 1990) (citations omitted).
[16] *Cozzo v. Parish of Tangipahoa*, No.   , 1998 WL 865289 at *6 (E.D. La. Dec. 10, 1998)(citing *Carey v. Piphus*, 435 U.S. 247, 253–57 (1978); *Hinshaw v. Doffer*, 785 F.2d 1260, 1270 (5th Cir.1986)(*overruled on other grounds*) (law entitles § 1983 plaintiff to same compensation as any tort plaintiff, i.e., damages forJune 28, 2016 pain and suffering, mental anguish, embarrassment, medical expenses and lost wages)).
[17] *Howard*, 935 F.Supp. at 859, citing *Sampson*, 415 U.S. at 91–92; *Morgan*, 518 F.2d at 240.
[18] Rec. Doc. No. 7.
32944