**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

KATHRAN RANDOLPH                              CIVIL ACTION

VERSUS                                               15-654-SDD-EWD

EAST BATON ROUGE PARISH
SCHOOL BOARD, ET AL.

## RULING

This matter is before the Court on *Remand* from the United States Court of Appeals for the Fifth Circuit.[1] The Court previously granted[2] the *Motion for Summary Judgment*[3] filed by Defendant East Baton Rouge Parish School Board ("the School Board") and entered *Judgment*[4] against Plaintiff Kathran Randolph ("Plaintiff"). The Fifth Circuit affirmed this Court's *Ruling* in all other respects but held that the Court inadvertently failed to address Plaintiff's Consolidated Omnibus Budget Reconciliation Act ("COBRA")[5] claim on the merits. The Court now considers this claim as argued by the School Board in its *Motion for Summary Judgment*,[6] the opposition argument contained in Plaintiff's stricken *Cross- Motion for Partial Summary Judgment*,[7] and the School Board's *Reply*.[8] For the following reasons, the Court finds that genuinely disputed material facts exist regarding

---

[1] Rec. Doc. No. 172.
[2] Rec. Doc. No. 164.
[3] Rec. Doc. No. 108.
[4] Rec. Doc. No. 165.
[5] 26 U.S.C. § 4980b(F).
[6] Rec. Doc. No. 108.
[7] Rec. Doc. No. 115-2.
[8] Rec. Doc. No. 128.
57673

this claim such that summary judgment is not proper on Plaintiff's COBRA claim.

## I. FACTUAL BACKGROUND

The factual background of this case was discussed extensively by the Court in its previous *Ruling* and is hereby adopted by reference.[9] Relevant to this decision, Plaintiff claims the School Board failed to timely and properly give notice of her continuance of insurance coverage rights pursuant to COBRA.[10] The School Board argues that there is no record evidence that the School Board failed to provide Plaintiff with adequate notice of her health benefits, and more importantly, Plaintiff admitted that she elected not to avail herself of COBRA coverage; thus, even if Plaintiff could demonstrate untimeliness in notice, she cannot demonstrate that she was damaged as a result of any purported delay.

Plaintiff maintains that she was unaware of any lapse in her health insurance coverage until she went to a doctor's appointment in September 2016 and was advised that her health insurance had been cancelled. Plaintiff relies solely on her deposition testimony that she did not receive timely notice of her COBRA rights and argues that the School Board has presented no admissible summary judgment evidence to prove otherwise.

## II. LAW AND ANLYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "When assessing whether a dispute to any material fact exists, we consider all

---
[9] Rec. Doc. No. 164.
[10] R. Doc. No. 47, ¶ 115.
[11] Fed. R. Civ. P. 56(a).
57673

of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[12]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[13]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[14]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[15]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[16]  All reasonable factual inferences are drawn in favor of the nonmoving party.[17]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[18]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to

---

[12] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[13] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[14] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[15] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[16] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[17] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[18] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

support the complaint.'""[19]

The parties have sought a bench trial in the present case.

The Fifth Circuit has recognized that "a district court has somewhat greater discretion to consider what weight it will accord the evidence [presented on a motion for summary judgment] in a bench trial than in a jury trial."[20] If a "[bench] trial on the merits will not enhance the court's ability to draw inferences and conclusions, then a district court properly should 'draw his inferences without resort to the expense of trial.'"[21] However, the Fifth Circuit has cautioned that "a district court must be aware that assessments of credibility come into sharper focus" at the time of trial, therefore, "**even at the summary judgment stage a judge in a bench trial has the limited discretion to decide that the same evidence, presented to him or her as trier of fact in a plenary trial, could not possibly lead to a different result**."[22]

Accordingly, the summary judgment motions before the Court are analyzed in accordance with this standard, and the Court will apply broader discretion in weighing the evidence presented.

**B. COBRA**

COBRA amended ERISA, a federal scheme for regulating employee benefit plans. The Supreme Court noted in *Geissal v. Moore Medical Group*,[23] that COBRA amended ERISA "to permit a beneficiary of an employer's group health plan to elect continuing coverage when [s]he might otherwise lose that benefit because of a 'qualifying event,' such as the termination of employment." 29 C.F.R. § 2590.606-4(b) details the content

---

[19] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[20] *Turner v.* Pleasant, 10-cv-7823, 2013 WL 823426 at*7 (E.D. La. Mar. 6, 2013)(quoting *In re Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991)).
[21] *Id.* (quoting *Placid Oil Co.*, at 398 (quoting *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978)).
[22] *Id.* (emphasis added).
[23] 524 U.S. 74 (1998).
57673

of the required notice to a former employee of her right to continuation health coverage under COBRA.

The School Board moves for summary judgment on Plaintiff's COBRA claim, arguing that there is no evidence other than Plaintiff's unsubstantiated allegations that the School Board failed to provide Plaintiff adequate notice regarding her health benefits. The School Board maintains that, upon termination, resignation, and/or retirement, benefit notifications, including COBRA notifications, are automatically generated and mailed to an employee.[24] Jordan Clements ("Clements"), Supervisor of Payroll and Benefits for the School Board, declared under oath that "there is no reason to believe that the ordinary process would not have been completed with respect to Randolph."[25]

Moreover, the School Board argues that Plaintiff admits that she received notice, at the latest, in October of 2016.[26] Further, Plaintiff herself admitted that she elected not to avail herself of continued coverage under COBRA because she could not afford the increased premiums.[27] Thus, the School Board argues, even if Plaintiff could demonstrate untimely notice, which is denied, she cannot demonstrate that she was damaged as a result of any purported delay. According to Clements, Plaintiff's last payment of insurance premiums occurred in August of 2015.[28] The School Board argues that, by Plaintiff's own acknowledgement, the School Board offered continuation of coverage, and, as of October of 2016, Plaintiff remained eligible to continue her health

---

[24] Rec. Doc. No. 108-4 (Declaration of Jordan Clements).
[25] *Id.* at ¶ 4.
[26] *See* R. Doc. No. 47, ¶ 102.
[27] *Id.*
[28] Rec. Doc. No. 108-4, ¶ 5 (Declaration of Jordan Clements). Plaintiff moved to strike the Declaration of Jordan Clements, but the Court denied this request as meritless and unsupported by the law. Rec. Doc. No. 132.

insurance coverage which, if elected, would have been retroactive to August of 2015, resulting in continuous coverage with no lapse in benefits.[29] The School Board maintains that Plaintiff's own conclusory statement that she failed to receive notice is not evidence sufficient to withstand summary judgment.

Plaintiff testified in her deposition that the School Board never provided her any notice of her right to continued coverage under COBRA.[30] Plaintiff testified that she first became aware that her health insurance lapsed in September of 2016 when she was advised so at a doctor's appointment. Plaintiff contends on that same day, she contacted "Anita" with the School Board, who informed her that the School Board had been paying her premiums and that Plaintiff would have to repay $2,900.00 and a premium of $680.00 per month to have her insurance "reinstated."[31] Plaintiff contends she requested to make the repayment in installments, but "Anita" refused.[32]

In *Hager v. DBG Partner, Incorporated*,[33] the Fifth Circuit addressed a similar argument regarding COBRA notice. In *Hager*, the plaintiffs claimed they received no notice of their COBRA rights. The employer presented only an unsigned letter, addressed to Hager's former address, informing him that the employer was terminating its health plan, and the employer argued in the district court that this demonstrated fulfillment of its notice obligations.[34] The Fifth Circuit rejected this as settling the matter, noting:

> In *Degruise v. Sprint Corp.*, we noted that the Secretary of Labor had not promulgated regulations describing the notice requirements for COBRA and concluded that employers were "'required to operate in good faith

---

[29] *Id.* at ¶ 6.
[30] Rec. Doc. No. 108-3, p. 27 (Deposition of Kathran Randolph, p. 106).
[31] Rec. Doc. No. 115-2, p. 2.
[32] Rec. Doc. No. 108-3, p. 27 (Deposition of Kathran Randolph, pp. 104-106).
[33] 903 F.3d 460 (5th Cir. 2018).
[34] *Id.* at 467.
57673

compliance with a reasonable interpretation' of what adequate notice entails." Two years later, the Secretary of Labor did promulgate such regulations, *viz.*, § 2590.606-4(d), discussed above. It is unclear whether *Degruise*'s statement that a good faith attempt to satisfy the notice requirement is sufficient is still good law.

Even if DBG only needed to show good faith compliance, whether it did so here is a question of fact more appropriate for summary judgment or trial and does not implicate a failure to state a claim. In fact, we are skeptical that DBG's evidence would even be sufficient to obtain summary judgment. **This court has typically required evidence that a letter was actually mailed to meet the good faith standard**. But DBG has produced no such evidence; it produced only the letter itself. Hager also points to evidence suggesting that DBG did not act in good faith: (1) DBG sent Hager's employment termination notice, which was hand-delivered earlier than the health plan termination notice, to the correct address; (2) Hager exchanged text messages with Rowan about health insurance, during which Rowan failed to mention the plan's discontinuation; and (3) DBG deposited Hager's premiums when it received them, and refused to refund them for almost two years. We conclude that, alone, DBG's letter is insufficient to support dismissal of Hager's claim.[35]

In the present case, the only evidence the School Board has presented that it timely fulfilled its COBRA notice obligations is the Declaration of Clements. Based on the Fifth Circuit's analysis and reasoning in *Hager,* Clements' Declaration is insufficient to demonstrate on summary judgment that the School Board met its notice obligations. The School Board does not submit a copy of the letter that was allegedly mailed to Plaintiff upon her termination, or any documentary support for the statements in Clements' Declaration, and the Court is unable to evaluate whether this purported mailing meets the requirements set forth in 29 C.F.R. § 2590.606-4(b).

Also, the School Board refers to Plaintiff's sworn deposition testimony as a "conclusory statement" "insufficient to withstand a Motion for Summary Judgment."[36] To

---

[35] *Id.* at 167-68 (internal citations omitted)(emphasis added).
[36] Rec. Doc. No. 128, p. 2.
57673

the extent this characterization is correct, the Court finds it no more conclusory than the following sworn statements of Clements:

> 2. Upon termination, resignation, and/or retirement, benefit notifications, including COBRA notifications, are automatically generated and mailed.
>
> 4. There is no reason to believe that the ordinary process would not have been completed with respect to Kathran Randolph.[37]

The Clements Declaration is the only evidence submitted by the School Board on Plaintiff's COBRA claim, and Clements' sworn statements and Plaintiff's sworn testimony demonstrate a genuine issue of material fact in dispute regarding notice. In *Custer v. Murphy Oil USA, Inc.*, a case wherein the plaintiffs presented sworn deposition testimony that they never received notice,[38] the court ultimately held that a genuine dispute of material fact remained on the issue of mailing, despite testimony that the defendant business typically used first-class mailing procedures.[39]

Further, the Court finds disingenuous the School Board's argument that any purported delay did not cause any damage or prejudice to Plaintiff. It is disputed exactly when Plaintiff received notice, but she acknowledges she received notice, at the latest, by September of 2016 when she went to the doctor, more than year after her termination. As set forth above, Plaintiff testified that she was unable to continue coverage because she could not make the lump sum payment requested by the School Board. Clements stated that: "It is the ordinary practice to allow employees who owe back premiums to make installment payments for same and there is no reason to believe the ordinary

---

[37] Rec. Doc. No. 108-4, ¶ 2, 4 (Declaration of Jordan Clements).
[38] 503 F.3d 415, 420 (5th Cir. 2007).
[39] *Id.* at 421.
57673

practice would not have been permitted with respect to Kathran Randolph." However, this is a conclusory statement and not evidence that Plaintiff was offered an installment plan. Plaintiff's sworn testimony is that she was declined such a plan. Again, the Court finds that whether any purported delayed notice caused prejudice to Plaintiff is a disputed fact issue, and the School Board has failed to carry its summary judgment burden.

### III. CONCLUSION

For the reasons set forth above, the *Motion for Summary Judgment*[40] by Defendant East Baton Rouge Parish School Board is DENIED with respect to Plaintiff's COBRA claim. This matter will be set for a bench trial by separate notice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 22, 2019</u>.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[40] Rec. Doc. No. 108.