UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHRAN RANDOLPH                                            CIVIL ACTION

VERSUS                                                      15-654-SDD-EWD

EAST BATON ROUGE PARISH
SCHOOL BOARD, ET AL.

### RULING

This matter is before the Court on the *Rule 59 Motion to Alter or Amend Judgment and for New Trial*[1] filed by Plaintiff, Kathran Randolph ("Plaintiff"). Defendant, East Baton Rouge Parish School Board (the "Board") has filed an *Opposition*[2] to the motion, to which Plaintiff filed a *Reply*.[3] For the reasons which follow, Plaintiff's motion shall be denied.

**I.   BACKGROUND**

Plaintiff was employed by the School Board from 1988 to 2003 and from 2007 to 2016, when she notified the Board of her intent to retire.[4] During her employment, Plaintiff was enrolled in a health benefits plan ("the Plan") provided by the Board and administered by Blue Cross Blue Shield of Louisiana.[5] A dispute arose between Plaintiff and the Board regarding Plaintiff's premium obligations to continue coverage under the Plan, and this lawsuit resulted.

Plaintiff alleged that the Board violated COBRA by failing to provide her with timely

---

[1] Rec. Doc. No. 207.
[2] Rec. Doc. No. 212.
[3] Rec. Doc. No. 213.
[4] Rec. Doc. No. 107-2.
[5] Rec. Doc. No. 211, p. 62.

notice of the qualifying event - her retirement - and of her COBRA rights.[6] Plaintiff further alleged that the Board was liable for all medical expenses that would have been covered under the Plan and for compensatory damages.[7] She also alleged that the Board was liable for penalties and attorneys' fees.[8]

This claim proceeded to a bench trial on March 3, 2020. After hearing the evidence, the Court issued oral reasons from the bench and entered a judgment dismissing Plaintiff's COBRA claim with prejudice.[9] The Court found that the two events identified by Plaintiff – her placement on unpaid leave and retirement – were not qualifying events because they resulted in no loss of coverage.[10] Alternatively, even if a qualifying event occurred, the Court held that Plaintiff did not prove that she "suffered an injury from the failed notice" and was not entitled to damages.[11]  Plaintiff now moves to alter or amend this Court's judgment or for a new trial, arguing the Court committed manifest errors of fact and law in its Ruling.

## II. LAW & ANALYSIS

### A. Motion to Alter or Amend Judgment/New Trial

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[12] "A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence"[13] and "is not the proper vehicle for rehashing evidence, legal

---

[6] Rec. Doc. No. 47, ¶ 102.
[7] *Id.* at ¶¶ 21-25.
[8] *Id.* at ¶¶ 26, 27.
[9] Rec. Doc. Nos. 199 & 210.
[10] Rec. Doc. No. 210, pp. 2-5.
[11] *Id.*
[12] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).
[13] *Advocare Intern. LP v. Horizon Laboratories, Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)(quoting *Simon v. U.S.,* 891 F.2d 1154, 1159 (5th Cir. 1990)).

theories, or arguments that could have been offered or raised before the entry of judgment."[14] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[15] The Fifth Circuit has explained that reconsideration of a judgment after it has been entered under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[16] As this Court has recently explained, "[w]hile the district courts do have 'considerable discretion in deciding whether to grant or deny a motion to alter judgment,' denial of Rule 59(e) motions to alter or amend is favored."[17]

"In a non-jury case, a district court may grant a new trial when the Court believes that it has committed a 'manifest error of law or fact.'"[18] Trial courts have the power to grant a new trial when the verdict is "against the weight of the evidence,"[19] or when the trial was unfair.[20] Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests with the party seeking new trial.[21]

## B. Analysis

The Court has carefully considered the arguments of the Parties and reviewed the trial evidence and the applicable law. The Court is unpersuaded by Plaintiff's arguments.

---

[14] *Templet*, 367 F.3d 473, 478-9(5th Cir. 2004).
[15] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)(quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).
[16] *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.,* 101 F.Supp.2d 463, 465 (E.D.La. 2000)).
[17] *Brown v. Louisiana State Senate*, 2013 WL 5603232, at *1 (M.D.La. Oct. 11, 2013)(quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).
[18] *Barthelemy v. Phillips Petroleum Company*, No. 96-2226, 1999 WL 169468 (E.D. La. Mar. 24,1999)(quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)("Motions for a new trial … must clearly establish either a manifest error of law or fact.").
[19] *Gasperini v. Ctr. for Humanities, Inc.* 518 U.S. 415, 433 (1996).
[20] *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir.1989).
[21] *National Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F.Supp.2d 650 (S .D. Tex. 2010).

Plaintiff urges the same arguments made to this Court in briefing and at trial and simply continues to disagree with the Court's application of the law to facts it found at trial. The Court adopts by reference herein the Oral Reasons issued for its Findings of Fact and Conclusions of Law in support of the Judgment and DENIES Plaintiff's motion.[22]

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 10th day of December, 2020.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[22] Rec. Doc. No. 207.

Document Number: 64274